IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:08-cr-00060-TLW-3 |
| v. | **Order** |
| Eugene Sutton III | |

Defendant has filed a motion in which he asserts that his sentence should be reduced pursuant to Amendment 599 to the sentencing guidelines and 18 U.S.C. § 3582(c)(2). Section 3582(c)(2), in an exception to the general rule prohibiting a court from modifying a sentence of imprisonment once it has been imposed, permits a court to reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." This exception does not allow a court to revisit a sentence based on a claim that the then-applicable sentencing guidelines were applied incorrectly.

Defendant was sentenced on October 9, 2008. At that point, Amendment 599 had been in effect for nearly eight years, having gone into effect on November 1, 2000. USSG App. C, Vol. II. Because Amendment 599 was effective before he was sentenced, he is not entitled to relief under § 3582(c)(2). *See United States v. McKinney*, 354 F. App'x 340, 341 (10th Cir. 2009) (refusing to apply Amendment 599 to a defendant sentenced after it became effective); *United States v. Vernon*, No. 6:01-239-HMH, 2010 WL 7892454, at *1 (D.S.C. Aug. 4, 2010) (same).[1] Accordingly, his motion for a sentence reduction, ECF No. 194, is **DENIED**.

---

[1] The Court also notes that an erroneous application of the sentencing guidelines is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).

1

**IT IS SO ORDERED.**

                                              *s/ Terry L. Wooten*
                                              Terry L. Wooten
                                              Chief United States District Judge

January 28, 2016
Columbia, South Carolina